UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FORMTEC LLC,

        Petitioner,

       v.                                      Case No. 23-C-516

SPHERICAL IP LLC,

        Respondent,

        and

MICHAEL J. MORRIS and
BENNETT HARTMAN LLP,

        Intervenor-Defendants.

## DECISION AND ORDER CONFIRMING THE ARBITRATION AWARD

On April 24, 2023, Petitioner Formtec LLC filed a petition pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9, to confirm the final award of arbitrators entered against Respondent Spherical IP LLC. Petitioner filed an amended petition to confirm the arbitration award on July 5, 2023. For the following reasons, Petitioner's amended petition to confirm the arbitration award will be granted.

### BACKGROUND

On September 11, 2012, Petitioner and Respondent entered into an agreement that governed the parties' relationship regarding their rights related to fiber orientation technology (FOT) and venturi technology (the FOT Agreement). The FOT Agreement included an arbitration clause that required any legal dispute about the agreement to be resolved via binding arbitration. *See* Dkt. No. 19-2, ¶ 14. On May 27, 2021, Petitioner demanded arbitration of a dispute that arose

between the parties relating to the FOT Agreement. Respondent filed an answering statement and counterclaims on June 11, 2021.

On November 16, 2022, the panel of arbitrators issued an Interim Award finding that, based on the material facts established by the admitted evidence, Petitioner was entitled to the following award:

A. We hereby declare that the FOT Agreement is in full force and effect and all Confidential Information covered by the previously executed Non-Disclosure Agreements, in particular, the 2010 NDA and 2011 NDA, as defined above, is subsumed within Section 9 of the FOT Agreement;

B. We hereby declare that Respondent violated the FOT Agreement by disclosing Claimant's confidential information to Spherical Industries, LLC;

C. We hereby declare that Claimant is entitled to a Declaratory Judgment that Respondent wrongfully disclosed Claimant's trade secrets to Spherical Industries, LLC, regarding applications of sphere-into-cylinder Technology and potential infringers of that Technology;

D. We hereby declare that Formtec has fully complied with its material obligations under the FOT Agreement; to the extent Spherical IP asserts that Formtec's failure (until such failure was called to its attention during this proceeding) to name Spherical IP as an additional insured under an insurance policy issued to Formtec is a breach, we find such breach to be nonmaterial and, in fact, cured. Spherical IP has not suffered any damage and the scope of insurance coverage has not affected the validity of the FOT Agreement;

E. We hereby rule that the doctrine of investor/assignor estoppel prevents Respondent from making arguments that could negatively affect the validity of any patent applications filed by Formtec and of any Patents issued to Formtec, and that Respondent breached its obligations under Section 4 of the FOT Agreement and breached its duty of good faith and fair dealing to Formtec by baselessly asserting an inconsistent position that prior art outwardly tapered orifices and radiused shear plates created a Venturi effect to align meat fibers;

F. We find that Spherical IP was not damaged by any breaches it alleges;

G. Respondent's First, Second and Third Counterclaims are dismissed with prejudice;

H. Respondent failed to prove that any outwardly tapered fill plate design of Tomahawk or Formtec creates a Venturi effect or creates a Venturi effect that aligns meat fibers;

I. Respondent, its officers, members, including, but not limited to James Wolff, managers, agents, representatives, affiliates and employees, are hereby enjoined from (a) directly or indirectly taking any action that would infringe any issued Patents or pending patent applications, or any other intellectual property rights of Formtec, its subsidiaries or affiliated entities; (b) directly or indirectly disclosing or otherwise disseminating or causing to be disclosed or disseminated any Confidential Information of Formtec, its subsidiaries or affiliated entities, such as Tomahawk, including any such information disclosed in the course of this Arbitration; and (c) assisting any third party in doing or accomplishing anything prohibited under (a) and (b);

J. Respondent, its members, including, but not limited to James Wolff, managers, officers, agents, representatives and employees, are hereby required to execute all such documents as Claimant deems reasonably necessary or expedient to aid Formtec in preparing, obtaining, filing, recording, maintaining or enforcing the Patents, all of which efforts shall be at Formtec's expense and for no additional consideration to be paid to Respondent, and to otherwise comply with their obligations under Section 4 of the FOT Agreement, including, but not limited to, Wolff's executing a declaration that all accused or formerly accused Tomahawk or Formtec fill plates with outwardly tapering orifices and radiused shear plates do not create a Venturi effect.

Dkt. No. 19-3 at 16–18. In addition, because the FOT Agreement provided that "the non-prevailing Party shall reimburse the prevailing Party for all reasonable attorney's fees, costs and lost revenue," *id.* (citing Dkt. No. 19-2, ¶ 14), the arbitration panel directed Petitioner to submit its fee petition by December 7, 2022, and Respondent to submit its response to the fee petition by December 21, 2022. *Id.* at 16, 18.

On April 7, 2023, the arbitration panel issued a Final Award of Arbitrators. The final award stated, "having heard the proofs and the allegations of the Parties, and having previously rendered an Interim Award dated November 16, 2022 ('Interim Award'), which is incorporated herein by reference, hereby issue this, our Final Award." Dkt. No. 19-4 at 1. The court awarded the following fees and costs to Petitioner:

3

1. Claimant is awarded a total **$1,552,443.71** in fees and costs against Respondent, consisting of the following:

   A. **$1,105,806.00** in attorneys' fees requested directly by Claimant

   B. **$308,732.70** in costs requested directly by Claimant

   C. To date the administrative fees and expenses of the American Arbitration Association have been $25,225.00 and the compensation and expenses of the arbitrators have been $260,510.01. Therefore, Respondent shall also reimburse Claimant the sum of **$137,905.01**, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

2. All amounts owed to Claimant will be paid within thirty (30) days of the date of this Award.

3. Any amounts of this Award that remain unpaid after the thirty (30) day period in paragraph 2 above will bear interest at the statutory rate.

4. This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims and counterclaims not expressly granted herein are hereby denied.

*Id.* at 10.

## ANALYSIS

Upon application by a party to the arbitration "at any time within one year after the award is made," a court may enter an order confirming the award so long as it is not vacated or modified. 9 U.S.C. § 9. "Judicial review of arbitration awards is tightly limited." *Standard Sec. Life Ins. Co. of N.Y. v. FCE Benefit Adm'rs, Inc.*, 967 F.3d 667, 671 (7th Cir. 2020) (internal quotation marks and citation omitted). Under the FAA, "arbitration awards are largely immune from . . . scrutiny in court." *Nano Gas Techs., Inc. v. Roe*, 31 F.4th 1028, 1031 (7th Cir. 2022) (internal quotation marks and citation omitted) (alterations in original).

Respondent asserts three affirmative defenses in response to the petition to confirm the arbitration award: (1) Petitioner is only entitled to a judgment consistent with paragraph 12 of the

4

Final Award and not any additional relief; (2) the Interim Award should be vacated to the extent the arbitrators exceeded their powers in violation of 9 U.S.C. § 10(a)(4); and (3) the Interim Award should be vacated to the extent it seeks to impose restrictions on dissemination of unidentified "Confidential Information."

As an initial matter, the only avenue to vacate an arbitration award is through a timely suit to vacate. Under 9 U.S.C. § 12, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." In this case, the arbitrators issued an interim award on November 16, 2022, and issued a final award on April 7, 2023. Therefore, Respondent had three months after the delivery of the final award to challenge its validity. Respondent did not move to vacate, modify, or correct the award within the statutory timeframe, however. "[A] defendant's failure to move to vacate [an] arbitration award within the prescribed time period for such a motion precludes it from seeking affirmative relief in a subsequent action to enforce the award." *Plumbers Pension Fund, Local 130 v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1268 (7th Cir. 1985). Because Respondent did not move to timely vacate, modify, or correct the arbitration award, the court cannot consider its arguments regarding the award's validity.

Respondent also argues that Petitioner is only entitled to a judgment consistent with the Final Award and not any additional relief set forth in the Interim Award. Respondent asserts that the Interim Award stated, "This Award shall remain in full force and effect until such time as a final Award is rendered" and that, because the Final Award superseded the Interim Award, Petitioner is not entitled to any request relief set forth in the Interim Award. *See* Dkt. No. 27 at 2–3 (citing Dkt. No. 19-3 at 19). In this case, the Final Award of Arbitrators, which determined the appropriate attorney's fees and costs, fully incorporated by reference the panel's Interim Award,

5

which adjudicated the merits of the parties' claims and set forth the appropriate relief. *See* Dkt. No. 19-4 at 1 ("WE, THE UNDERSIGNED ARBITRATORS, having been designated in accordance with the September 11, 2012, FOT Agreement ('FOT Agreement') executed by the above-named parties ('parties'), and having been duly sworn, having heard the proofs and the allegations of the Parties, and *having previously rendered an Interim Award dated November 16, 2022 ('Interim Award'), which is incorporated herein by reference, hereby issue this, our Final Award*." (emphasis added)). In other words, rather than restate its prior findings and conclusions, the panel incorporated its Interim Award by reference in the Final Award of Arbitrators. As a result, Petitioner is entitled to the attorney's fees and costs set forth in the Final Award as well as the relief on the merits detailed in the Interim Award.

For these reasons, Petitioner's amended petition to confirm the arbitration award is **GRANTED**. The court confirms the arbitration award in favor of Petitioner Formtec LLC. The clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 27th day of September, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge