FORMTEC LLC,

        Petitioner,

      v.                                  Case No. 23-C-516

SPHERICAL IP LLC,

        Respondent.

## FINDING OF NO CONTEMPT

Petitioner Formtec LLC filed a petition pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9, to confirm the final award of arbitrators entered against Respondent Spherical IP LLC. On September 27, 2023, the court granted Petitioner's amended petition to confirm the arbitration award and entered judgment in favor of Petitioner and against Respondent. On July 21, 2025, Petitioner filed a motion for an order to show cause why Respondent, James Wolff, Spherical Industries Inc., Christopher Duggan, William Hardy, and Stephen Healy (the Alleged Contemnors) should not be held in contempt of this court's September 27, 2023 judgment. On February 21, 2025, the court entered an order directing the Alleged Contemnors to show cause why they should not be held in contempt.

In response, the Alleged Contemnors filed a motion to dismiss for lack of jurisdiction and failure to state a claim and a motion to dismiss the contempt citation based on fraud on the court. The Alleged Contemnors argue that Petitioner did not properly serve all of the Alleged Contemnors and that the court does not have personal jurisdiction over all of the Alleged Contemnors. The court need not address the Alleged Contemnors' jurisdictional arguments

because, even assuming the court has personal jurisdiction over the Alleged Contemnors and the Alleged Contemnors were properly served, Petitioner has not set forth clear and convincing evidence that the Alleged Contemnors violated the court's injunction.

Civil contempt is "a unique civil sanction because its aim is both coercive and compensatory." *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008) (citation omitted). "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010) (citation omitted).

On September 27, 2023, the court confirmed an arbitration award related to the parties' fiber orientation technology and venturi technology agreement. Part of the arbitration award that the court confirmed included the following declaration:

> E. We hereby rule that the doctrine of investor/assignor estoppel prevents Respondent from making arguments that could negatively affect the validity of any patent applications filed by Formtec and of any Patents issued to Formtec, and that Respondent breached its obligations under Section 4 of the FOT Agreement and breached its duty of good faith and fair dealing to Formtec by baselessly asserting an inconsistent position that prior art outwardly tapered orifices and radiused shear plates created a Venturi effect to align meat fibers.

Dkt. No. 32 at 2. The award also included the following injunctions:

> I. Respondent, its officers, members, including, but not limited to James Wolff, managers, agents, representatives, affiliates and employees, are hereby enjoined from (a) directly or indirectly taking any action that would infringe any issued Patents or pending patent applications, or any other intellectual property rights of Formtec, its subsidiaries or affiliated entities; (b) directly or indirectly disclosing or otherwise disseminating or causing to be disclosed or disseminated any Confidential Information of Formtec, its subsidiaries or affiliated entities, such as Tomahawk, including any such information disclosed in the course of this Arbitration; and (c)

2

assisting any third party in doing or accomplishing anything prohibited under (a) and (b);

J. Respondent, its members, including, but not limited to James Wolff, managers, officers, agents, representatives and employees, are hereby required to execute all such documents as Claimant deems reasonably necessary or expedient to aid Formtec in preparing, obtaining, filing, recording, maintaining or enforcing the Patents, all of which efforts shall be at Formtec's expense and for no additional consideration to be paid to Respondent, and to otherwise comply with their obligations under Section 4 of the FOT Agreement, including, but not limited to, Wolff's executing a declaration that all accused or formerly accused Tomahawk or Formtec fill plates with outwardly tapering orifices and radiused shear plates do not create a Venturi effect.

*Id.* at 3.

Petitioner asserts that Wolff and Respondent should be held in contempt for violating the court's unambiguous command enjoining Respondent from making arguments that could negatively affect the validity of Petitioner's patent applications and directing them to execute all documents that Petitioner deems reasonably necessary to prepare, obtain, and file its patent applications. It maintains that Duggan, Hardy, Spherical Industries, and Healy should be held in contempt for knowingly and intentionally aiding and abetting Wolff and Respondent's violation of this court's permanent injunction. Petitioner explains that the Alleged Contemnors baselessly attacked the validity of one of Petitioner's patent applications in *Tomahawk Manufacturing Inc. v. Spherical Industries, Inc.*, 23-cv-1007 (D. Nev.).

In that case, Petitioner and its affiliate Tomahawk filed an action against Spherical Industries, Duggan, Hardy, and Spherical Industries Holdings LLC, asserting claims for trade secret misappropriation and for conspiring with Wolff to steal Petitioner and Tomahawk's trade secrets and confidential information. In an apparent attempt to show that Petitioner's claimed trade secret was not a secret at all, the Alleged Contemnors filed under seal two declarations sworn to by Wolff, which asserted that a continuation patent application filed by Petitioner was

fraudulent. It is unclear why Wolff would declare that Petitioner's patent application was fraudulent because it does not seem relevant to the trade secret issue in that case. In any event, Petitioner has not shown by clear and convincing evidence how any declarations filed under seal in a trade secret action could negatively affect the validity of any of Petitioner's patents or patent applications.

Petitioner also asserts that Wolff's actions in the Nevada action show that he has no intention of complying with the court's order requiring him to execute all documents reasonably necessary for Petitioner to prepare, file, and obtain patent applications assigned to it. But Petitioner has not asserted that it has requested that Wolff execute any documents needed to prepare, file, and obtain a patent application and that Wolff failed to do so.

Based on the record before the court, Petitioner has not established by clear and convincing evidence that the Alleged Contemnors violated the injunction. Accordingly, the court denies Petitioner's request that they be found in contempt. The Alleged Contemnors' motions to dismiss (Dkt. Nos. 51 & 73) are **DENIED as moot**.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of August, 2025.

William C. Griesbach
United States District Judge