UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**FORMTEC LLC,**

      Petitioner,

      v.                       Case No. 23-C-516

**SPHERICAL IP LLC,**

      Respondent.

---

### ORDER DENYING THE ALLEGED CONTEMNORS' MOTION FOR ATTORNEY'S FEES AND COSTS AND DENYING PETITIONER'S MOTION FOR RECONSIDERATION

---

Petitioner Formtec LLC filed a petition pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9, to confirm the final award of arbitrators entered against Respondent Spherical IP LLC. On September 27, 2023, the court granted Formtec's amended petition to confirm the arbitration award and entered judgment in favor of Formtec and against Spherical IP. On July 21, 2025, Formtec filed a motion for an order to show cause why Spherical IP, James Wolff, Spherical Industries Inc., Christopher Duggan, William Hardy, and Stephen Healy (the Alleged Contemnors) should not be held in contempt of this court's September 27, 2023 judgment. On August 8, 2025, the court denied Formtec's request that the Alleged Contemnors be found in contempt, finding that Formtec had not established by clear and convincing evidence that they violated the injunction.

On August 22, 2025, the Alleged Contemnors filed a motion for attorney's fees and costs. Formtec filed a motion for reconsideration of the court's finding of no contempt on September 2, 2025. For the following reasons, both motions will be denied.

**A. Motion for Attorney's Fees and Costs**

The Alleged Contemnors filed a motion for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54. Rule 54(d) provides:

> (d) *Costs; Attorney's Fees.*
>
> (1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.
>
> (2) *Attorney's Fees.*
>
> > (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> >
> > (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
> > (i)   be filed no later than 14 days after the entry of judgment;
> > (ii)  specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> > (iii) state the amount sought or provide a fair estimate of it; and
> > (iv)  disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d). The Alleged Contemnors seek an award of $46,800.00 in attorney's fees. Although the Alleged Contemnors also request costs, they have not indicated what costs they are entitled to. As a result, their request for costs is denied.

With respect to their request for attorney's fees, the Alleged Contemnors seem to suggest that they are entitled to an award of attorney's fees under Rule 54 as a matter of law. But Rule 54 provides a procedural mechanism by which parties can request attorney's fees; it does not provide an independent basis to award attorney's fees. The Alleged Contemnors also assert that they are entitled to an award of attorney's fees under the fiber orientation technology and venturi

technology agreement (FOT Agreement) entered into between Formtec and Spherical IP.  The

Alleged Contemnors point to paragraph 19 of the agreement, which states:

> <u>Indemnification</u>.  FORMTEC shall hold SPHERICAL harmless from and indemnify SPHERICAL, affiliates, employees, agents and assigns against any suits, actions, claims, losses, demands, damages, liabilities, costs, and expenses (including without limitation, product liabilities), including again, without limitations, costs and attorney fees for defending the same which may directly arise or directly result from the use of the Technology by or for SPHERICAL unless such liability arises from a breach of SPHERICAL representations, warranties, or agreements set forth in this License.  SPHERICAL shall give prompt notice to FORMTEC of any claim asserted against it which SPHERICAL claims to be subject to FORMTEC's indemnity obligation under this Section 19; provided however, that the failure to give such notice shall not release FORMTEC from its obligations under this section except to the extent of any actual prejudice from the failure to timely provide such notice.

Dkt. No. 89-2 at 5.  The FOT Agreement is governed by Wisconsin law.  *Id.* at 4.

Under Wisconsin law, the court's goal in contract interpretation is to "ascertain the true intentions of the parties as expressed by the contractual language." *Town Bank v. City Real Estate Dev., LLC*, 2010 WI 134, ¶ 33, 330 Wis. 2d 340, 793 N.W.2d 476 (internal quotation marks and citation omitted).  "Interpretation of an indemnification agreement, like any other written contract, begins with the language of the agreement." *Fabco Equip., Inc. v. Kreilkamp Trucking, Inc.*, 2013 WI App 141, ¶ 6, 352 Wis. 2d 106, 841 N.W.2d 542 (citation omitted).  "When the terms of a contract are clear and unambiguous, we construe the contract's language according to its literal meaning." *Ash Park, LLC v. Alexander & Bishop, Ltd.*, 2015 WI 65, ¶ 35, 363 Wis. 2d 699, 866 N.W.2d 679.  Wisconsin courts "will not construe an obligation to pay attorneys' fees contrary to the American Rule unless the contract provision clearly and unambiguously so provides." *Hunzinger Const. Co. v. Granite Resources Corp.*, 196 Wis. 2d 327, 339, 538 N.W.2d 804 (Ct. App. 1995) (citation omitted).

By its plain terms, the indemnification provision requires Formtec to indemnify and hold Spherical IP and its agents harmless from any claim brought against Spherical IP "which may

directly arise or directly result from the use of the Technology" by a third party. Dkt. No. 89-2 at 5. It does not, as the Alleged Contemnors suggest, cover disputes between the parties to the agreement itself. Indeed, the provision requires that Spherical IP give Formtec notice of such claims brought against it. It would not make sense for Formtec to defend Spherical IP from itself. Thus, the only logical reading of the indemnification provision is that Formtec's duty to indemnify is solely triggered by third-party claims against Spherical IP. Because the indemnification provision does not clearly and unambiguously provide for the award of attorney's fees, the Alleged Contemnors are not entitled to such an award under the FOT Agreement. The Alleged Contemnors have asserted no other basis for recovering attorney's fees. Therefore, the Alleged Contemnors' motion for attorney's fees and costs is denied.

**B. Motion for Reconsideration**

Formtec has filed a motion for reconsideration of the court's August 8, 2025 finding of no contempt pursuant to Federal Rule of Civil Procedure 59(e). A motion for reconsideration under Rule 59(e) serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks and citation omitted). Relief under Rule 59(e) is an "extraordinary remedy." *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Whether to grant a Rule 59(e) motion is "entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Formtec argues that the court committed manifest error of law and fact by misapprehending that the Alleged Contemnors attacked the validity of Formtec's patent applications in the Nevada action and misapprehending that the contempt order effectively vacated the order to show cause and excused the Alleged Contemnors' failure to show cause why they were not in contempt. The motion for reconsideration will be denied. Essentially, Formtec disagrees with the court's analysis and conclusion. The court has reviewed its decision and Formtec's motion and concludes that there is no basis to alter the August 8, 2025 finding of no contempt. Accordingly, Formtec's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that the Alleged Contemnors' motion for attorney's fees and costs (Dkt. No. 89) is **DENIED**.

**IT IS FURTHER ORDERED** that Formtec's motion for reconsideration (Dkt. No. 90) is **DENIED**.

Dated at Green Bay, Wisconsin this 23rd day of October, 2025.

                                                           _s/ William C. Griesbach_
                                                         William C. Griesbach
                                                         United States District Judge